BANK OF PONTOTOC v. ROBINSON *et al.*[*]

(Division B.   Oct. 27, 1924.)

[101 So. 561.   No. 24263.]

1.  STATUTORY PROVISIONS.

Section 3606, Hemingway's Code, prohibits any lien upon the bank stock of a stockholder to secure debts due by him to the bank, except where the lien is taken to prevent the loss of a previous debt.

2.  BANKS AND BANKING.  *Lien on its own stock cannot be acquired by bank by stock certificate provision, so as to defeat assignee's lien.*

No lien upon the stock of a stockholder in a bank can be acquired by the bank by a provision in the stock certificate, so as to defeat the lien of an assignee of the stock.

*Headnotes 1.  Banks and Banking, 7 C. J., section 55 (1926 Anno);
2.  Banks and Banking, 7 C. J., section 55 (1926 Anno).

APPEAL from chancery court of Union county.
HON. A. J. McINTYRE, Chancellor.

Suit by the Bank of Pontotoc against Jerry Robinson and another.   From a decree sustaining demurrer to the bill and dismissing the suit, plaintiff appeals.   Affirmed.

*Mitchell & Mitchell,* for appellant.

The original bill of complaint in this cause was filed by the Bank of Pontotoc, appellant, in which the bank seeks to enforce a lien held by it on the stock in said bank owned by Jerry Robinson, and which had been transferred by him to the New Albany Wholesale Grocery Company, while he was indebted to the bank for money borrowed by him of the bank. The bill was filed against both Jerry Robinson and the New Albany Wholesale Grocery Company. Robinson has made no defense and the cause is here on appeal from the decree of the court below, sustaining the demurrer of the New Albany Wholesale Grocery Company.

In *Bank of Holly Springs* v. *Pinson*, 58 Miss. 421, it is held that under identical facts the Bank of Pontotoc would have a lien on the stock of Jerry Robinson, and could enforce the same against the New Albany Wholesale Grocery Company as the assignee of Robinson.

Section 3606, Hemingway's Code, prohibits the holding of such a lien, and that any contract with a stockholder by which such lien is attempted to be created is absolutely null and void both as to the stockholder and any assignee of such stockholder.

If this contention of appellee is correct the case must be affirmed and if incorrect it must be reversed. The sole question presented to this court is, did the legislature, in the enactment of this law, intend to make such a contract absolutely null and void so that the borrower of money from a bank, where a lien on his stock is contracted for the security, can set up the invalidity of his contract, and can an assignee, who takes the stock with notice of this contract between the bank and the stockholder successfully rely on the invalidity of such a contract and thereby defeat the bank in the collection of its debts?

We submit that such was not the purpose and intent of the law. The statute is a regulatory one; and it is our contention that if a bank exceeds its authority and vio-

lates this statute, and makes a loan on its own stock as collateral, or by contract on the face of its certificates of stock, as in the present case, attempts to reserve such a lien, it is not for the borrower or his assignee to deny the legality of the contract and set the same up as a defense against the enforcement of such a lien; but that it is solely a matter for the state, through its supervision of the banks of the state, to take steps if such should be deemed necessary, to exact a forfeiture of the charter for the bank's conduct. *Union Nat'l Bank of St. Louis* v. *Elizabeth Matthews,* 98 U. S. 621, 25 Law Ed. 188; *National Bank of Genesee* v. *Whitney et al.,* 103 U. S. 99, 26 Law Ed. 443; *Thompson* v. *St. Nicholas National Bank,* 146 U. S. 240, 36 Law Ed. 956; *First National Bank of Zenia* v. *Daniel M. Stewart,* 107 U. S. 676, 27 Law Ed. 592.

The purpose of the banking laws of the state of Mississippi is to render the banks more safe as financial institutions, and it would be contrary to that purpose to hold that such an effort on the part of the bank to secure itself, as was done in the instant case shall be held null and void and thus cause the bank to lose the money loaned and thus impair its financial strength and jeopardize its deposits.

We therefore respectfully submit that the court below erred in sustaining the demurrer and the case should be reversed.

*Stephens & Stephens,* for appellee.

In the lower court, we based our argument on the language of section 3606, Hemingway's Code, and cited *Bank* v. *Lanier,* 78 U. S. 369, 20 Law Ed. 172. Since that time the case of *Bank* v. *Eskind,* 99 So. 148, has been decided. In the able opinion rendered by Judge HOLDEN section 3606 is construed and that case is decisive of this one.

These cases are very similar. In fact the only difference is that in the Eskind case, the provision that the stock should not be transferable if the holder was in-

debted to the bank, was contained in the charter. In this case, the provision was in the certificate.

This fact does not alter the rights of the parties. Even though the provision was in the face of the certificate, the Grocery Company was not required to make inquiry to see whether there was in fact an indebtedness due the bank.

It is a maxim that "every man is presumed to know the law." So, the agent of the company is presumed to have known that, under section 3606, the bank had no right to acquire a lien on its shares of stock, except "to prevent loss on a debt previously contracted.

So, the fact that the provision referred to was in the certificate, imposed no duty on the agent to make inquiry as to whether Robinson owed the bank. The bank had not required Robinson to deposit it as collateral, but allowed it to remain in his possession. Nor had the bank taken any steps to impress a lien on the stock in order to protect itself against loss on its debt. And the company had a right to accept the certificate and its transfer was legal and valid and the title passed to it. This is true, even though the company had actual knowledge of the existence of the debt to the bank.

Whether notice, in this kind of case, be actual or constructive, is wholly immaterial. The provisions of the statute are the same in either case, for the right of the bank to acquire a lien exists under certain conditions; and those conditions do not obtain here.

The cases cited by appellant are not in point. None of them except the *Pinson case*, 58 Miss., were decided by our court; and the Eskind case so recently decided, will control.

SYKES, P. J., delivered the opinion of the court.

The bill of complaint of the Bank of Pontotoc in substance alleged that Jerry Robinson was indebted to it in the sum of four hundred fifty-one dollars and ten cents,

evidenced by his promissory note; that at the time of the execution of the note Robinson was the owner of five shares of stock of the bank; that while he was indebted to the bank he attempted to transfer to the New Albany Wholesale Grocery Company his certificate of stock in the bank as security for an indebtedness; that this transfer was made without the consent of the directors of the bank, and was not evidenced by any record of the bank; that by reason of the terms of the certificate, and by operation of law, the bank has a lien on the stock to secure the amount due it by Robinson; and that the attempted transfer to the grocery company is void.

Each certificate of stock of the Bank of Pontotoc contains the following provision:

"No transfer shall be made by any stockholder liable to this bank as principal debtor or otherwise, without the consent of the board of directors."

The grocery company demurred to this bill, its demurrer was sustained, and the bill dismissed, from which decree this appeal is here prosecuted.

It is the contention of the appellant bank that it has a superior lien upon this stock by virtue of the clause above quoted, contained in its stock certificate. The appellee contends that this provision of the stock certificate is nullified by the following language contained in section 3606, Hemingway's Code, namely:

"But no . . . bank shall accept as collateral, or be the purchaser of its own capital stock, except in cases where the taking of such collateral or such purchase, shall be necessary to prevent loss upon a debt previously contracted in good faith, and in such cases, unless full payment of such debt is made, such stock shall be sold by the bank within twelve months from the time it was acquired."

In this case there was no attempt by Robinson to pledge his stock to the bank, but it was pledged by him to the appellee grocery company.

The question here presented was decided by this court in the case of *Planters' Bank* v. *Eskind & Sons,* 99 So. 148. The only difference between the Eskind case and the case at bar is that in the Eskind case the provision was contained in the charter of the bank, while in this case it is contained in the stock certificate. The rule, however, governing one governs in the other. In the Eskind case it is held that section 3606 prohibits any lien upon the stock as given in the bank's charter, except where the bank takes such stock in order to prevent the loss of a previous debt due the bank by the stockholder. For the same reason, this section prohibits the giving of any lien upon this stock in the stock certificate. Consequently this provision of the stock certificate is nullified by this section of the Code.

The decree of the lower court is affirmed.

*Affirmed.*